Dear Sheriff Marino:
This office is in receipt of your opinion request wherein you make the following inquiry:
 May the Sheriff's Office General Fund pay the defense costs to defend a civil rights action filed by a prisoner against the Sheriff, deputies, and an attorney representing the Sheriff's office?
Disbursements from the Sheriff's General Fund are governed by LSA-R.S. 33:1423, does not authorize payment of legal expenses arising out of the defense litigation instituted against the sheriff and his deputies. Rather, this expenditure is contemplated by LSA-R.S. 33:1422, governing permissible expenditures from the sheriff's salary fund. The statute provides, in pertinent part:
 "(A) A sheriff and ex officio tax collector shall pay from the Sheriff's Salary Fund, upon warrant drawn by him, all expenses authorized by law which are incurred in the performance of his duties, including, but not restricted to, clerical expenses, the salary of the sheriff, and of all deputies, reasonable attorney fees for legal services. . . . . " (Emphasis added).
The legal expenses incurred in a suit against the sheriff and his deputies may be paid only where the defense of the litigation is successful and the litigation arises out of the performance of the sheriff's and the deputy's official duties. See Attorney General Opinions 93-140, 90-3 and 76-1490, attached. Finally, payment for the sheriff's attorney's legal expenses arising out of his own defense (he is alleged to have "conspired" with these officials) is not authorized by statute. Payment of these legal expenses out of the sheriff's salary fund is not permissible, as such would constitute a prohibited donation of public funds. LSA-Const. Art. VII, § 14.
As an aside, note that LSA-R.S. 13:5108.1, LSA-R.S. 13:5108.2, and LSA-R.S. 42:1441 provide for indemnification of certain public officials when cast in judgment for damages, costs or attorneys' fees. No statute clearly provides for the reimbursement of attorneys' fees in a civil case involving an officer of a local political subdivision, such as a sheriff. See attached Attorney General Opinion 90-3. However, we continue to adhere to our interpretation of LSA-R.S. 33:1422, as stated herein.
Should you have other questions in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Enclosure
Honorable Johnny Marino Sheriff, St. Charles Parish P.O. Box 426 Hahnville, LA 70057
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL